FILED
FEB 20 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THADDEUS A. STACY,

        Plaintiff,

   v.

JEFFERSON COUNTY SHERIFF, et al.,

        Defendants.

CV. 08-6412-KI

ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

KING, Judge

### IN FORMA PAUPERIS/FILING FEE

Plaintiff, a prisoner at the Jefferson County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff moves to proceed *in forma pauperis* (#1). An examination of the application reveals that plaintiff is unable to afford the fees of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $350.00 when funds exist. Plaintiff has authorized the agency having custody of him to collect the filing fee from his prison trust

1 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

account when funds exist. Accordingly, an initial partial filing fee of $20.00 is assessed by this order.

Upon payment of the initial partial filing fee, plaintiff shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in full.

## ORDER TO DISMISS

### I.  BACKGROUND.

In his original complaint, plaintiff alleges that while confined at the Jefferson County Jail, "jail staff" inspected his incoming legal mail outside of his presence, denied him adequate access to legal materials and resources, and forced him to review his legal materials in a "drunk tank" with no table or chairs.

In a document captioned "Additional Claims and Affidavit to Support Allegations", plaintiff alleges that he suffered a gall bladder attack while confined at the Jefferson County Jail, and was not provided adequate medical treatment by "corrections staff".

Finally, in a document entitled "Motion to Dismiss and Remove Defendant From Action", plaintiff moves the court to dismiss "Jefferson County; Cpt. Robbins and all other mentioned agents of Jefferson County" from this action.

## II. STANDARDS.

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action fails to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Ortez, 88 F.3d at 806.

## III. DISCUSSION.

Plaintiff's complaint is subject to dismissal for several reasons. First, the pleadings filed subsequent to his complaint have resulted in the failure to name as a defendant any person or entity responsible for the alleged constitutional violations. Specifically, in his original complaint, plaintiff named as defendants the Crook County Sheriff, the Jefferson County Sheriff, and two Jefferson County correctional officers. In plaintiff's motion to dismiss, he moves to dismiss Jefferson County and its

3 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

agents. As a result, the only remaining defendant is the Crook County Sheriff.

However, plaintiff fails to allege how Crook County Sheriff Rodd Clark personally participated in the alleged constitutional violations. Sheriff Clark cannot be held liable under 42 U.S.C. § 1983, simply by virtue of his supervisory capacity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Accordingly, plaintiff has failed to state a claim.

Plaintiff's complaint is deficient for the additional reasons that (1) a claim for the denial of access to the courts requires proof of prejudice which plaintiff has not alleged; and (2) plaintiff has not adequately alleged that the mail sent from the United Nations was actually confidential legal mail. See Lewis v. Casey, 518 U.S. 343, 351, 354 (1996) (prisoner must allege that his efforts to *pursue* a legal claim were hindered--mere inability to litigate effectively is insufficient); Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir.), cert. denied, 488 U.S. 898 (1988) (mail sent to inmates from public agencies, public officials, civil rights groups, and news media may be opened outside inmate's presence).

Additionally, plaintiff is advised that he cannot amend his complaint by submitting additional pleadings which do not operate as a complete substitute for his original complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th

Cir. 1991). To the extent that plaintiff's "Additional Claim and Affidavit to Support Allegations" may be construed as an amended complaint, it is dismissed on the basis that it does not list all defendants in its caption, does not state a claim against Sheriff Clark, and does not include a prayer for relief. See Fed. R. Civ. P. 8(a) & 10(a).

## CONCLUSION

Plaintiff's provisional *in forma pauperis* status is CONFIRMED. However, plaintiff's complaint (#2) and amended complaint (#3) are DISMISSED for failure to state a claim. Plaintiff's motion to dismiss Jefferson County Sheriff, Corporal Robbins, and Captain Lewis (#5) is GRANTED.

Plaintiff may file a second amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff shall use the form complaint provided by the court. Plaintiff is advised that failure to file a second amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS FURTHER ORDERED that plaintiff shall pay the $350.00 filing fee when funds exist. IT IS ORDERED that the Jefferson County Sheriff or his designee shall collect from plaintiff's trust account an initial partial filing fee in the amount of $ 20.00 and shall forward the amount to the Clerk of the Court. The Sheriff shall collect from plaintiff's prison trust account the balance of

5 -- ORDER TO PROCEED IN FORMA PAUPERIS AND TO DISMISS

the filing fee and shall forward payments to the Clerk of the Court in accordance with the formula set forth above. The payments shall be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this order to Sheriff Jack Jones, 675 N.W. Cherry Lane, Madras, Oregon, 97741. The Clerk of the Court also is directed to send to plaintiff a form § 1983 complaint with this order.

IT IS SO ORDERED.

DATED this 19 day of February, 2009.

                                      Garr M. King
                                      United States District Judge