IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **THADDEUS A. STACY**, | Civil Case No. 08-6412-KI |
| Plaintiff, | |
| vs. | OPINION AND ORDER |
| **L. ROB ROBBINS; TONY LEWIS; SERGEANT COOK; RON VAN ECK, R.N., KEITH LONG, PA; JACK JONES; RODD CLARK; ANDREJS I. EGLITIS;** and the **PEOPLE OF JEFFERSON COUNTY**, | |
| Defendants. | |

Thaddeus A. Stacy
7409562
Two Rivers Correctional Institute
82911 Beach Access Road
Umatilla, Oregon  97882

Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Karen O'Kasey
Hoffman, Hart & Wagner LLP
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205

      Attorney for Defendants

KING, Judge:

Plaintiff Thaddeus Stacy, proceeding *pro se*, brings a civil rights action against Crook and Jefferson County officials for violations of Stacy's constitutional rights arising out of events that occurred during a period of incarceration at Jefferson County Correctional Facility. Before the court is Defendant Keith Long's Motion for Summary Judgment (#38). For the following reasons, I grant the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

Stacy was arrested in Crook County in September 2008 and was detained at the Jefferson County Correctional Facility prior to his conviction. One of Stacy's claims is against defendant Keith Long, a physician's assistant who provided care to inmates at the Jefferson County facility.

Stacy suffers from gallbladder disease. Long indicates in his Concise Statement of Material Facts ("CSMF") that he and Stacy discussed Stacy's gallbladder condition on several occasions.[1] Stacy's gallbladder releases excessive amounts of bile into his digestive tract when he eats high-fat foods, causing abdominal pain, fever, or an elevated heart rate. These symptoms can be alleviated or eliminated by not eating foods high in fat. Long told Stacy to avoid high-fat foods.

---

[1] Stacy does not respond to these facts and, pursuant to Local Rule 56-1(f), they are deemed admitted.

Page 2 - OPINION AND ORDER

On December 26, 2008, jail staff contacted Long and informed him that Stacy had stomach pains and was vomiting. Long suggested antacid medication. Jail staff subsequently requested that Long evaluate Stacy. By the time Long arrived at the jail, Stacy's symptoms had subsided and when Long examined Stacy, he was no longer complaining of stomach pain. Long gave Stacy antacid medication and recommended avoiding high-fat foods.

As relevant to the pending motion, Stacy alleges that Long acted with deliberate indifference in failing to properly treat Stacy's gallbladder disease. Stacy alleges that he reported his gallbladder disease on the Medical History Questionnaire upon his admission to the Jefferson County jail. He alleges that after a month at the facility, he suffered a gallbladder attack. He alleges deputies placed him in a wheelchair and took him to the drunk cell where they left him to vomit all night. With respect to this first incident, Stacy makes no allegations against Long.

About three weeks later, Stacy alleges he suffered another attack, which resulted in vomiting, loss of bladder and bowel control, and loss of consciousness. He alleges "[d]efendants refused to transport [him] to a medical facility or provide any services beyond mere passive observation." Fourth Am. Compl. at 6. Deputies again placed him in the drunk tank where he lay "begging for his life and drenched in his own vomit and excrement." Id.

Approximately six hours later, Long examined Stacy and diagnosed a gallbladder attack.

Stacy alleges that he contacted a physician at his own expense who informed Stacy that his gallbladder should have been removed after the first attack.

Stacy filed this lawsuit. The court provided Stacy with a Summary Judgment Advice Notice in which the court informed Stacy that defendants are permitted to move for summary judgment against his case. Specifically, the court advised Stacy:

Page 3 - OPINION AND ORDER

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Advice Notice at 1. Additionally, the court informed Stacy that he would need to respond to each fact set forth by a defendant in its Concise Statement of Material Facts. He was warned that "material facts set forth in the moving party's concise statement will be deemed admitted unless specifically denied, or otherwise controverted by you." Id. at 2.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Long moves for summary judgment against Stacy's claim of medical mistreatment under the Eighth Amendment. The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509

Page 4 - OPINION AND ORDER

U.S. 25, 31 (1993). An Eighth Amendment claim must satisfy both an objective and subjective inquiry. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000).

      The objective inquiry requires a showing that the inmate has been deprived of the minimal civilized measure of life's necessities. In the context of a claim for failure to provide medical care, Stacy must establish a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A serious medical need is the kind of injury that "a reasonable doctor or patient would find important and worthy of comment or treatment; . . . that significantly affects an individual's daily activities; or [causes] chronic and substantial pain." Lopez, 203 F.3d at 1131.

      The subjective inquiry requires a showing that corrections officers acted with deliberate indifference to this serious medical need. Id. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A difference of opinion as to the specific course of treatment does not establish deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

      Long does not appear to dispute that Stacy's condition constituted a serious medical need. Rather, he argues Stacy cannot meet the stringent deliberate indifference standard. According to Long, Stacy only alleges that he received a physician's contrary opinion recommending surgery and a difference of opinion alone is not sufficient to overcome summary judgment.

      In response, Stacy reports that he "will present evidence at trial which shows that" the deputy who called Long early in the morning on December 26 "explained that the symptoms Stacy was presenting seemed to call for treatment beyond the antacid and aspirin" Long

Page 5 - OPINION AND ORDER

recommended. Pl.'s Resp. at 3. Additionally, "the testimony will show" that "Stacy was drifting in and out of consciousness, throwing up and unable to take any medications by mouth . . . and had lost bowel control." Id. at 4. According to Stacy, the deputy "will testify" that Stacy "was forced to remain in that condition from just after midnight until 8:00 am the following morning when Keith Long finally made it in to do his job." Id. at 5.

Stacy suggests that Long should have performed a physical examination to determine whether Stacy's gallbladder had ruptured and, at the least, should have provided intravenous fluids since he had been vomiting. Stacy reports that he "will call the Doctor who performed the surgery" on December 16, 2009, almost a year after Long treated him. Id. at 6. Stacy reports he will also have the testimony of two emergency room doctors, a deputy who tried to get medical help for Stacy, and a third doctor who will testify to standards of medical treatment.

The problem with Stacy's submission is that, despite the summary judgment advice notice, the only evidence he has presented in opposition to Long's motion for summary judgment is John McBee, M.D.'s notes from Stacy's treatment at St. Anthony Hospital on December 16, 2009. At that time, Stacy complained of acute abdominal pain. He reported that he had experienced "recurrent bouts of right upper abdominal pain from time to time. None [unreadable] worse as this episode." Dr. McBee conducted an ultrasound of Stacy's gallbladder, which showed one large gallstone. Dr. McBee then performed surgery to remove the gallbladder.

These records, created a year after Long treated Stacy, and documenting symptoms that Stacy conceded were worse than he had experienced before, do not create a genuine issue of material fact that Long acted with deliberate indifference. Stacy "must show that the course of treatment [Long] chose was medically unacceptable under the circumstances, and [he] must show

Page 6 - OPINION AND ORDER

that [Long] chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Instead, the undisputed evidence is that Long treated Stacy's gallbladder symptoms with antacid and personally examined him the next morning.  By the time of Long's examination, Stacy was no longer suffering from any symptoms.  Long recommended that Stacy abstain from foods with a high-fat content.  Long testifies that, in his opinion, he provided Stacy with the requisite care, skill, and diligence and that "there was no conduct on my part which caused or produced any harm or damage to Stacy."  Long Aff. ¶¶ 7, 8.  Long's opinion is uncontroverted. Stacy may not have agreed with Long's decision that antacids and diet were the appropriate way to treat Stacy's gallbladder problem, but this does not amount to deliberate indifference on the part of Long.  Jackson, 90 F.3d at 332 (9th Cir. 1996) (difference of opinion fails to show deliberate indifference as a matter of law).

Long is entitled to summary judgment dismissing all claims against him.

## CONCLUSION

For the foregoing reasons, Defendant Long's Motion for Summary Judgment (#38) is granted.  All claims against Long are dismissed with prejudice.

IT IS SO ORDERED.

Dated this    27th    day of April, 2010.

      /s/ Garr M. King
Garr M. King
United States District Judge